ACME CORPORATION *vs.* UPDIKE C. MOWRY, *C. T.*

NOVEMBER 17, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. After the filing of the opinion of the court in this cause, the complainant requested leave to file a motion for reargument. Accompanying this request was a written statement of its reasons in support of the same, which we have treated as if it were a motion for reargument, duly filed by leave of court.

Upon consideration we are of the opinion that the reasons therein set forth do not justify reopening the case for further argument. The point which complainant chiefly desires now to present to us, and which it states was not properly raised in the respondent's answer but which has, nevertheless, in the opinion become decisive of the cause, is not open to the complainant on appeal, inasmuch as it did not take in the trial court such steps as were necessary to protect its right to have this point determined by this court.

There is also no merit in the complainant's contention that it was misled in the superior court into the belief that the evidence of waiver was not relevant to the issue on hearing and that, therefore, it had no opportunity to rebut such evidence. The transcript is to the contrary. Such opportunity was specifically offered by the trial justice, who suggested a short continuance of the hearing for that purpose but the complainant failed to avail itself of this offer. Apparently it was content to abide by a casual intimation of the trial justice, not a ruling, that he might not consider evidence of waiver relevant when he finally came to making his decision. If the complainant had evidence to rebut respondent's evidence of waiver, it did not protect itself by making the proper record at the hearing in the superior court, either by introduction of such evidence or by an offer of proof, so as to enable it to meet all the issues which might arise on appeal, and it is too late now in this court to supply this omission.

A reargument, therefore, would, in our opinion, serve no useful purpose, as the points raised in defendant's motion would not be open to it on such hearing.

The complainant's request, which may be considered as a motion duly filed by leave of court, is denied and dismissed.

*Max Winograd, Marshall B. Marcus,* for complainant.

*Tillinghast, Collins & Tanner, Russell P. Jones,* for respondent.